# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TINA K. MILLER,

          Appellant,

        v.

DEPARTMENT OF THE INTERIOR,

          Agency.

DOCKET NUMBER
DE-0752-15-0041-I-1

DATE: March 10, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Tina K. Miller, Sioux City, Iowa, pro se.

Nanette Gonzales, Esquire, Lakewood, Colorado, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained her removal from service. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant held the position of Park Ranger at Homestead National Monument of America in Beatrice, Nebraska. Initial Appeal File (IAF), Tab 5 at 38. In July 2014, the agency proposed her removal based upon the following charges: (1) making threatening statements; (2) use of offensive language; (3) disobeying a direct order; and (4) absence without leave (AWOL). *Id*. at 118-27. Following the appellant's response, *see id*. at 52-61, 63-114, the deciding official sustained the charges and removal, *id*. at 38, 40-50.

¶3 The appellant filed the instant appeal, challenging her removal from service. IAF, Tab 1. After holding the requested hearing, the administrative judge sustained three of the four charges, denied the appellant's affirmative defense, and affirmed her removal. IAF, Tab 49, Initial Decision (ID). The decision noted that it would become final on October 29, 2015, unless the appellant filed a petition for review by that date. ID at 24.

¶4 On October 30, 2015, the appellant electronically filed an initial appeal, which we have construed as a petition for review. Petition for Review (PFR) File, Tabs 1-2. The Clerk of the Board provided the appellant with information on how to establish good cause for her untimeliness. PFR File, Tab 2. In response, the appellant alleged that, although she had difficulties with e-Appeal, she thought she managed to file successfully on October 29, 2015, but filed again

on October 30, 2015, after receiving an email indicating that the prior filing had not been completed.  PFR File, Tab 3 at 3.  The agency has filed a response, and the appellant has replied.  PFR File, Tabs 4-5.

¶5        A petition for review must state a party's objections to the initial decision, including all of the party's legal and factual arguments, and must be supported by specific references to the record and any applicable laws or regulations.  5 C.F.R. § 1201.114(b).  In this case, the appellant's petition consists of her identifying information and a copy of the initial decision.  PFR File, Tab 1.  It does not include any arguments or evidence to demonstrate error by the administrative judge.[2]  *Id.*  Therefore, we find that the appellant's petition does not meet the Board's criteria for review under 5 C.F.R. § 1201.115.[3]  *See Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992) (finding that a petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record); *Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133 (1980) (determining that, before the Board will undertake a complete review of the record, a petitioning party must explain why the challenged factual determination is incorrect and identify the specific evidence in the record that demonstrates the error).

---

[2] Following the agency's response, which noted the absence of any argument in the appellant's petition, PFR File, Tab 4 at 5-6, the appellant submitted her reply, containing some arguments concerning the merits of her removal, PFR File, Tab 5 at 3-4.  However, a reply is limited to the issues raised by another party in the response to the petition for review.  5 C.F.R. § 1201.114(a)(4).  It may not raise new allegations of error.  *Id.*  Accordingly, we will not consider the appellant's new arguments, first raised in her reply.  *See Boston v. Department of the Army*, 122 M.S.P.R. 577, ¶ 5 n.3 (2015) (declining to consider new arguments that were first raised in a reply brief).

[3] Because we find that the appellant's petition does not meet the Board's criteria for review under 5 C.F.R. § 1201.115, we need not address the timeliness of her petition.  *See Ferrin-Rodgers v. U.S. Postal Service*, 115 M.S.P.R. 140, ¶ 7 (2010).

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.